

Search for Cases by: Select Search Method...

Judicial Links　|　eFiling　|　Help　|　Contact Us　|　Print　　　　GrantedPublicAccess　Logoff RAHARR44566

## 21SL-CC03199 - JORDAN SKOUBY V MERCY CLINIC EAST COMMUNITIE ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

FV Judge/Venue

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ⦿ Descending　⚪ Ascending

Display Options: All Entries ▾

---

**08/09/2021**　☐ **Corporation Served**

Document ID - 21-SMCC-6171; Served To - MERCY CLINIC EAST COMMUNITIES; Server - ; Served Date - 28-JUL-21; Served Time - 00:00:00; Service Type - Sheriff Department; Reason Description - Served

**07/16/2021**　☐ **Summons Issued-Circuit**

Document ID: 21-SMCC-6171, for MERCY CLINIC EAST COMMUNITIES. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

　☐ **Filing Info Sheet eFiling**

　　**Filed By:** JACLYN ZIMMERMANN

　☐ **Pet Filed in Circuit Ct**

　　Petition; Exhibit 1; Exhibit 2.

　　**Filed By:** JACLYN ZIMMERMANN
　　**On Behalf Of:** JORDAN SKOUBY

　☐ **Judge Assigned**

　　DIV 9

---

Case.net Version 5.14.23　　　　　Return to Top of Page　　　　　Released 08/11/2021

Privacy - Terms

Electronically Filed - St Louis County - July 16, 2021 - 10:38 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| **JORDAN SKOUBY,** | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division __ |
| | ) | |
| **MERCY CLINICS EAST** | ) | |
| **COMMUNITIES** | ) | |
| SERVE: | ) | |
| Csc Lawyers Incorporating | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, Mo 65101 | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **JOHN DOE ENTITY** | ) | |
| HOLD SERVICE | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for her Petition for Damages against Defendants states:

### Nature of Action

1.      This action is brought pursuant to the Age Discrimination in Employment Act

(ADEA), 29 U.S.C. §§ 621 et seq. for age discrimination and retaliation.

### Parties

2.      Plaintiff Jordan Skouby is an individual who resides in the state of Missouri.

3.      Defendant Mercy Clinics East Communities (hereinafter referred to as Mercy) is a

Missouri non-profit corporation.

4.      Defendant Mercy operates a health care clinic at 12200 Weber Hill Road, St.

Louis, Missouri, 63127, in St. Louis County.

Electronically Filed - St Louis County - July 16, 2021 - 10:38 AM

5.      Pleading hypothetically and in the alternative, Defendant John Doe Entity operates a health care clinic at 12200 Weber Hill Road, St. Louis, Missouri, 63127, in St. Louis County.

6.      Plaintiff was employed by Defendant Mercy and/or John Doe Entity during all times relevant to this lawsuit.

7.      At all times relevant to this lawsuit, Defendant Mercy and/or John Doe Entity was an employer engaged in an industry affecting commerce within the meanings 29 U.S.C. § 630(b).

### Venue

8.      Venue is proper in St. Louis County because all of the events complained of herein occurred in the St. Louis County, as the unlawful discriminatory practices occurred in the St. Louis County, Missouri.

### Procedural Prerequisites

9.      On or about November 12, 2020, Plaintiff timely submitted a charge of discrimination against Defendant with the EEOC where she alleged Defendant unlawfully discriminated against her based on age and retaliation.  (See Plaintiff's Exhibit 1 which is attached hereto and incorporated herein).

10.      On or about April 23, 2021 the EEOC issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of her receipt of the Notice of Right to Sue.  (See Plaintiff's Exhibit 2 which is attached hereto and incorporated herein).

### Factual Allegations

11.      Plaintiff is a female over the age of 40, with a date of birth of November 16, 1958.

12.      Plaintiff was employed by Mercy as an office manager of a healthcare clinic from 2008 until she was terminated on October 7, 2020.

Electronically Filed - St Louis County - July 16, 2021 - 10:38 AM

13.     In or about February 2020, Plaintiff supervisor, Bonnie Edmonds, was forced to retire from Mercy.

14.     Edmonds was over 60 years old at the time she was forced into retirement.

15.     Edmonds did not want to retire and had not planned to do so.

16.     Esther Hong was hired to replace Edmonds and became Plaintiff's new supervisor.

17.     Hong was 33 years old at the time of her hire.

18.     Hong immediately became critical of Plaintiff.

19.     In May 2020, two females over the age of 60 were terminated from Mercy, Paula Rossamano and Sylvia Taylor.

20.     Both Rossamano and Taylor were replaced with younger employees.

21.     On September 15, 2020, Plaintiff was placed on a Performance Improvement Plan, or PIP by Hong.

22.     Up to this point, no supervisor had any problem with Plaintiff's performance during her entire time working for Mercy.

23.     Plaintiff believed that the PIP was being used as a reason to eventually fire her like the other older women as described above.

24.     The reasons for the PIP were frivolous and not true.

25.     Plaintiff reported the PIP to the medical providers within the office, including doctors and nurses.

26.     Plaintiff explained to them that she felt she was being forced out due to her age.

27.     The providers, including but not limited to Morton Singer, contacted human resources on or about September 18, 2020 to complain about the PIP, stating that Plaintiff was

Electronically Filed - St Louis County - July 16, 2021 - 10:38 AM

the best office manager they had ever had and did not understand what the problem was with her performance.

28.     Singer called her a "great asset" to Mercy.

29.     Plaintiff believed that she was being discriminated against because of her age.

30.     On September 28, 2020, Plaintiff called Mercy's hotline, pursuant to Mercy's anti-discrimination policy, and reported that she was being discriminated against because of her age.

31.     On or about October 7, 2020, Plaintiff was terminated from her position.


<u>Count I</u>
<u>Violation of The ADEA</u>
<u>Age Discrimination—Performance Improvement Plan</u>

32.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

33.     Plaintiff was at all times relevant over age 40 and is therefore a member of a protected class.

34.     Because of her age, Plaintiff was discriminated against and suffered adverse employment action by Defendant when Defendant put her on a Performance Improvement Plan.

35.     Plaintiff's age was a motivating factor in Defendant's decision to put her on a PIP, as the reasons for the PIP were false and she and others over 40 were fired and targeted by Mercy employees.

36.     Plaintiff was capable of performing the essential functions of the job.

37.     Because of the discrimination, Plaintiff has suffered damages.

Electronically Filed - St Louis County - July 16, 2021 - 10:38 AM

38.     Defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on age without just cause or excuse in violation of the ADEA.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under the ADEA, and all other relief deemed just and equitable.

**Count II**
**Violation of The ADEA**
**Age Discrimination—Termination**

39.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

40.     Plaintiff was at all times relevant over age 40 and is therefore a member of a protected class.

41.     Because of her age, Plaintiff was discriminated against and suffered adverse employment action by Defendant when Defendant fired her.

42.     Plaintiff's age was a motivating factor in Defendant's decision to fire her, as she and many other older employees were fired and the reasons for her termination were false.

43.     Plaintiff was capable of performing the essential functions of the job.

44.     Because of the discrimination, Plaintiff has suffered damages.

Electronically Filed - St Louis County - July 16, 2021 - 10:38 AM

45.     Defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on age without just cause or excuse in violation of the ADEA.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under the ADEA, and all other relief deemed just and equitable.

.

**Count III**
**Violation of The ADEA**
**Age Discrimination—Retaliation**

46.     Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

47.     Plaintiff is over age 40 and is therefore a member of a protected class.

48.     Plaintiff opposed age discrimination when she contacted Mercy's hotline about the age discrimination she felt she and others were experiencing, and when she went to the medical providers with her concerns about age discrimination.

49.     Plaintiff suffered adverse employment action because of her complaints when she was terminated.

Electronically Filed - St Louis County - July 16, 2021 - 10:38 AM

50.     Plaintiff's complaint of discrimination was a motivating factor in Defendant's actions, because it happened shortly after she complained, and others who did not complain were not terminated.

51.     Plaintiff was damaged by Defendant's actions.

52.     Defendant engaged in intentional discrimination and retaliation and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on race without just cause or excuse in violation of the ADEA.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under the ADEA, and all other relief deemed just and equitable.

Electronically Filed - St Louis County - July 16, 2021 - 10:38 AM

Respectfully submitted,


PONDER ZIMMERMANN LLC

By_____/s/ Jaclyn Zimmermann_____
    Jaclyn M. Zimmermann, #57814MO
    jmz@ponderzimmermann.com
    Douglas Ponder, #54968MO
    dbp@ponderzimmermann.com
    20 S. Sarah

    St. Louis, MO 63108
    Phone:  314-272-2621
    Fax:  314-272-2713


    Attorneys for Plaintiff



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  21SL-CC03199 |
|---|---|
| Plaintiff/Petitioner:<br>JORDAN SKOUBY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACLYN ZIMMERMANN<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO  63108 |
| Defendant/Respondent:<br> MERCY CLINIC EAST COMMUNITIES | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE |
| Nature of Suit:<br>CC Other Tort | CLAYTON, MO  63105                          (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:  MERCY CLINIC EAST COMMUNITIES**
**Alias:**

CSC LAWYERS INC
221 BOLIVAR ST
JEFFERSON CITY, MO  65101



*COURT SEAL OF*

*ST. LOUIS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>16-JUL-2021</u>
   **Date**                                                                          _____ /Clerk

**Further Information:**
AD

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                      Date                          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $    10.00 |
| Mileage | $_____  (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri  8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**
If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**
Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse.  Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029





# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 21SL-CC03199 | **RECEIVED** |
|---|---|---|
| Plaintiff/Petitioner:<br>JORDAN SKOUBY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JACLYN ZIMMERMANN<br>20 SOUTH SARAH STREET<br>SAINT LOUIS, MO 63108 | **JUL 27 2021**<br>COLE COUNTY<br>SHERIFF'S OFFICE |
| Defendant/Respondent:<br>MERCY CLINIC EAST COMMUNITIES | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE | |
| Nature of Suit:<br>CC Other Tort | CLAYTON, MO 63105 | (Date File Stamp) |

## Summons in Civil Case

**RECEIVED**

The State of Missouri to:  **MERCY CLINIC EAST COMMUNITIES**

Alias:

**CSC LAWYERS INC**
**221 BOLIVAR ST**
**JEFFERSON CITY, MO 65101**

AUG 0 9 2021

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

16-JUL-2021
Date

_____
Clerk

Further Information:
AD

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
CSC lawyers, SL.                    (name) designee                    (title).

☐ other _____.

Served at 350 E High                                                   (address)
in Cole          (County/City of St. Louis), MO, on 07.28.2021 (date) at 800Am (time).

Sheriff John P Wheeler        By        EA aimee Wray
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                              Date                        Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) | |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only*: **Document ID# 21-SMCC-6171** 1   (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSM)

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

# County Satellite Court Now Open in St. Ann
## Hours: Mon-Fri 8:30 a.m. to 5:00 p.m.   FREE PARKING

For the convenience of North County residents, a satellite branch of the St. Louis County Circuit Court is now open at the St. Louis County Government Center Northwest at the 715 Northwest Plaza Drive in St. Ann.

**Attending Court Hearings Remotely using E-Courts**
If you are scheduled to appear in court, you can access the courtroom remotely using the public computer stations (E-courts) in St. Ann and Clayton. These are available for use when courtroom access is restricted due to the pandemic.

**Please note:** Hearings for juvenile and paternity cases are confidential, and can only be accessed from the Clayton E-court at this time.

**Be sure to bring your paperwork with you; you will need your case number, as well as the date, time and number of the Division where you are scheduled to appear.**

**Filing Pleadings/New Petitions**
If you are representing yourself, you may file your paperwork at the St. Ann satellite court, in addition to the Clayton courthouse, using the secure drop box located inside the Court reception area.

**Filing Orders of Protection**
Starting March 1, you may file for an Order of Protection at the Adult Abuse office in the St. Ann satellite court, in addition to the Clayton courthouse. Clerks will be available on-site to help you fill out and file the necessary paperwork.

### For more information call: 314-615-8029

