IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| **JORDAN SKOUBY**, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. _____ |
| | ) | |
| v. | ) | Division __ |
| | ) | |
| **MERCY CLINICS EAST** | ) | |
| **COMMUNITIES** | ) | |
| SERVE: | ) | |
| Csc Lawyers Incorporating | ) | |
| 221 Bolivar St. | ) | |
| Jefferson City, Mo 65101 | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **JOHN DOE ENTITY** | ) | |
| HOLD SERVICE | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff and for her Petition for Damages against Defendants states:

### Nature of Action

1.  This action is brought pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 et seq. for age discrimination and retaliation.

### Parties

2.  Plaintiff Jordan Skouby is an individual who resides in the state of Missouri.

3.  Defendant Mercy Clinics East Communities (hereinafter referred to as Mercy) is a Missouri non-profit corporation.

4.  Defendant Mercy operates a health care clinic at 12200 Weber Hill Road, St. Louis, Missouri, 63127, in St. Louis County.

1

5.      Pleading hypothetically and in the alternative, Defendant John Doe Entity operates a health care clinic at 12200 Weber Hill Road, St. Louis, Missouri, 63127, in St. Louis County.

6.      Plaintiff was employed by Defendant Mercy and/or John Doe Entity during all times relevant to this lawsuit.

7.      At all times relevant to this lawsuit, Defendant Mercy and/or John Doe Entity was an employer engaged in an industry affecting commerce within the meanings 29 U.S.C. § 630(b).

**Venue**

8.      Venue is proper in St. Louis County because all of the events complained of herein occurred in the St. Louis County, as the unlawful discriminatory practices occurred in the St. Louis County, Missouri.

**Procedural Prerequisites**

9.      On or about November 12, 2020, Plaintiff timely submitted a charge of discrimination against Defendant with the EEOC where she alleged Defendant unlawfully discriminated against her based on age and retaliation.  (See Plaintiff's Exhibit 1 which is attached hereto and incorporated herein).

10.     On or about April 23, 2021 the EEOC issued its Notice of Right to Sue, and Plaintiff instituted this action within 90 days of her receipt of the Notice of Right to Sue.  (See Plaintiff's Exhibit 2 which is attached hereto and incorporated herein).

**Factual Allegations**

11.     Plaintiff is a female over the age of 40, with a date of birth of November 16, 1958.

12.     Plaintiff was employed by Mercy as an office manager of a healthcare clinic from 2008 until she was terminated on October 7, 2020.

13. In or about February 2020, Plaintiff supervisor, Bonnie Edmonds, was forced to retire from Mercy.

14. Edmonds was over 60 years old at the time she was forced into retirement.

15. Edmonds did not want to retire and had not planned to do so.

16. Esther Hong was hired to replace Edmonds and became Plaintiff's new supervisor.

17. Hong was 33 years old at the time of her hire.

18. Hong immediately became critical of Plaintiff.

19. In May 2020, two females over the age of 60 were terminated from Mercy, Paula Rossamano and Sylvia Taylor.

20. Both Rossamano and Taylor were replaced with younger employees.

21. On September 15, 2020, Plaintiff was placed on a Performance Improvement Plan, or PIP by Hong.

22. Up to this point, no supervisor had any problem with Plaintiff's performance during her entire time working for Mercy.

23. Plaintiff believed that the PIP was being used as a reason to eventually fire her like the other older women as described above.

24. The reasons for the PIP were frivolous and not true.

25. Plaintiff reported the PIP to the medical providers within the office, including doctors and nurses.

26. Plaintiff explained to them that she felt she was being forced out due to her age.

27. The providers, including but not limited to Morton Singer, contacted human resources on or about September 18, 2020 to complain about the PIP, stating that Plaintiff was

3

the best office manager they had ever had and did not understand what the problem was with her performance.

28. Singer called her a "great asset" to Mercy.

29. Plaintiff believed that she was being discriminated against because of her age.

30. On September 28, 2020, Plaintiff called Mercy's hotline, pursuant to Mercy's anti-discrimination policy, and reported that she was being discriminated against because of her age.

31. On or about October 7, 2020, Plaintiff was terminated from her position.

**Count I**
**Violation of The ADEA**
**Age Discrimination—Performance Improvement Plan**

32. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

33. Plaintiff was at all times relevant over age 40 and is therefore a member of a protected class.

34. Because of her age, Plaintiff was discriminated against and suffered adverse employment action by Defendant when Defendant put her on a Performance Improvement Plan.

35. Plaintiff's age was a motivating factor in Defendant's decision to put her on a PIP, as the reasons for the PIP were false and she and others over 40 were fired and targeted by Mercy employees.

36. Plaintiff was capable of performing the essential functions of the job.

37. Because of the discrimination, Plaintiff has suffered damages.

38. Defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on age without just cause or excuse in violation of the ADEA.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under the ADEA, and all other relief deemed just and equitable.

**Count II
Violation of The ADEA
Age Discrimination—Termination**

39. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

40. Plaintiff was at all times relevant over age 40 and is therefore a member of a protected class.

41. Because of her age, Plaintiff was discriminated against and suffered adverse employment action by Defendant when Defendant fired her.

42. Plaintiff's age was a motivating factor in Defendant's decision to fire her, as she and many other older employees were fired and the reasons for her termination were false.

43. Plaintiff was capable of performing the essential functions of the job.

44. Because of the discrimination, Plaintiff has suffered damages.

45. Defendant engaged in intentional discrimination and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on age without just cause or excuse in violation of the ADEA.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under the ADEA, and all other relief deemed just and equitable.

.

### Count III
### Violation of The ADEA
### Age Discrimination—Retaliation

46. Plaintiff incorporates by reference, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs and further alleges as follows:

47. Plaintiff is over age 40 and is therefore a member of a protected class.

48. Plaintiff opposed age discrimination when she contacted Mercy's hotline about the age discrimination she felt she and others were experiencing, and when she went to the medical providers with her concerns about age discrimination.

49. Plaintiff suffered adverse employment action because of her complaints when she was terminated.

50. Plaintiff's complaint of discrimination was a motivating factor in Defendant's actions, because it happened shortly after she complained, and others who did not complain were not terminated.

51. Plaintiff was damaged by Defendant's actions.

52. Defendant engaged in intentional discrimination and retaliation and did so with malice or reckless indifference to the federally protected rights of Plaintiff, and Defendant's conduct was outrageous because of an evil motive and reckless indifference to the rights of Plaintiff, in that Defendant discriminated against Plaintiff based on race without just cause or excuse in violation of the ADEA.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant in excess of $25,000 and that Plaintiff be awarded past, present, and future lost wages and benefits, compensatory damages, punitive and exemplary damages; interests, costs, attorney's fees and any other relief afforded Plaintiff under the ADEA, and all other relief deemed just and equitable.

Respectfully submitted,

PONDER ZIMMERMANN LLC

By   /s/ Jaclyn Zimmermann
    Jaclyn M. Zimmermann, #57814MO
    jmz@ponderzimmermann.com
    Douglas Ponder, #54968MO
    dbp@ponderzimmermann.com
    20 S. Sarah

    St. Louis, MO 63108
    Phone:  314-272-2621
    Fax:  314-272-2713


    Attorneys for Plaintiff

8